```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

KRISTINE MACKEN,                      )
                                      )
          Plaintiff,                  )
                                      )
          v.                          )   Civil No. 2013-92
                                      )
THE UNITED STATES VIRGIN ISLANDS,     )
and THE VIRGIN ISLANDS BUREAU OF      )
INTERNAL REVENUE,                     )
                                      )
          Defendants.                 )
```

ATTORNEYS:

**Erika A. Kellerhals, Esq.**
Kellerhals Ferguson Fletcher Kroblin LLP
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Vincent F. Frazer, Attorney General**
**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the defendants.*

<u>ORDER</u>

Before the Court is the motion of the defendants, the United States Virgin Islands and the Virgin Islands Bureau of Internal Revenue (collectively the "Government"), to dismiss the complaint in this matter.

      I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On April 15, 2009, plaintiff Kristine Macken ("Macken") filed a Form 4868 for tax year 2008 with the Virgin Islands Bureau of Internal Revenue (the "VIBIR"). Form 4868 extends the

*Macken v. U.S.V.I et al.*
Civil No. 2013-92
Order
Page 2

deadline by which a taxpayer has to file his or her tax return to August 15 of the year in which the extension is sought. On April 15, 2010, Macken filed another Form 4868 for tax year 2009.

Thereafter, on July 27, 2012, Macken filed a return for tax year 2008. In her 2008 tax return, Macken indicated she was entitled to a refund in the amount of $14,327.00. Macken asked that the refund amount be credited to her 2009 taxes. Also on July 27, 2012, Macken filed a return for tax year 2009. In her 2009 tax return, Macken indicated she was entitled to a refund in the amount of $5,575.00.

On May 14, 2013, Macken received a letter from the VIBIR dated May 2, 2013, denying Macken's request for the 2008 overage to be applied to tax year 2009. She also received a letter from the VIBIR denying her request for a refund from tax year 2009. The VIBIR indicated that Macken's requests were barred by the statute of limitations. The VIBIR informed Macken that, by its calculations, she was obligated to pay an additional $8,952.32 in taxes for tax year 2009.

On May 20, 2013, the VIBIR filed a Notice of Federal Tax Lien against Macken. The Notice of Federal Tax Lien alleged underpayments of taxes for tax years 2009 and 2010. Macken claims that the underpayments were the direct result of the

VIBIR's refusal to credit Macken's tax year 2008 overpayment to tax year 2009. Thereafter, on September 16, 2013, the VIBIR filed a Notice of Levy against Macken.

On September 26, 2013, Macken filed a complaint seeking a tax refund, in the form of credits, for tax years 2008 and 2009 from the VIBIR.  In essence, Macken seeks the acceptance of her tax returns as filed and the release of the levy and lien against her. Approximately one month after Macken filed her complaint in this Court, the VIBIR released the lien and levy. The VIBIR also represents that it informed Macken that the tax bills against Macken were abated and that Macken's returns were accepted as filed.  The Government did not file an answer to the complaint.

On December 6, 2013, the Government moved to dismiss Macken's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  Specifically, the Government argues that this Court lacks subject-matter jurisdiction over this matter because the case is now moot. As of the date of this order, Macken has not filed an opposition to the Government's motion.

## II.  DISCUSSION

A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction to hear a case. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir.1997); Fed.R.Civ.P. 12(b)(1). Constitutional

*Macken v. U.S.V.I et al.*
Civil No. 2013-92
Order
Page 4

standing is one element of the "case or controversy" requirement of Article III of the Constitution. *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975); *Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 224 (3d Cir.1998). If a Court finds that Constitutional standing does not exist in a case, the court does not have jurisdiction to hear the case and must dismiss it. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

"Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290-291 (3d Cir.2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The burden of proving standing lies with the plaintiffs. *Danvers Motor Co.*, 432 F.3d at 291 (*citing Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir.2003)).

In considering a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), the Court "accept[s] as true all material allegations of the complaint and construe[s] them in

favor of the Plaintiff." *Danvers Motor Co.*, 432 F.3d at 288 (*quoting Conte Bros. Auto.*, 165 F.3d at 224).

### III. ANALYSIS

"The requirement that a case or controversy be actual and ongoing extends throughout all stages of federal judicial proceedings[.]" *Rendell v. Rumsfeld*, 484 F.3d 236, 240-41 (3d Cir. 2007)(internal quotations omitted). "The mootness doctrine is centrally concerned with the court's ability to grant effective relief[.] If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)(internal quotations omitted).

The complaint in this case alleged that the VIBIR had unlawfully retained funds in tax years 2008 and 2009 which should have been credited against Macken's tax liability in 2009 and 2010. It further alleged that VIBIR's failure to properly credit the 2008 and 2009 funds as shown in Macken's filed tax returns resulted in an improper levy and an improper lien being filed against Macken for tax delinquency. Macken requested relief in the form of tax refunds, presumably in credits as previously asked, in order to have the levy and lien removed.

Thereafter, VIBIR released the levy and lien against Macken. VIBIR also informed Macken that the tax bills against her were abated and that Macken's returns were accepted as filed.

The government's full return of the sought tax refund divests the federal courts of jurisdiction to hear the case. *See Christian Coaliation of Fla., Inc. v. United States*, 662 F.3d 1182, 1192 (11th Cir. 2011)("While [plaintiff] wanted to obtain its refund on the most favorable grounds possible, a refund is a refund, and the IRS returned all of the disputed taxes shortly after this litigation began.")  This is true even where the refund is provided by the government after litigation has commenced. *See id.*

VIBIR's voluntary act in giving Macken the tax refunds she sought has resulted in there no longer being a live refund claim for the Court to consider.  Indeed, as the taxing authority has voluntarily abated the tax and refunded the sought monies, there is no relief left that the court can grant. *See Catholic Answers, Inc. v. United States*, 438 F. App'x 640, 641 (9th Cir. 2011)("This suit is moot. There is no relief that this court could grant. The tax paid has already been abated.")

The VIBIR has released its tax levy and tax lien against Macken.  Furthermore, the VIBIR has credited all overages and

honored the tax returns as filed. The relief Macken sought has been obtained. As such, this matter is moot and is not properly before this Court. *See Nationalist Movement*, 273 F.3d at 533.

The premises considered, it is hereby

**ORDERED** that the Government's motion to dismiss is **GRANTED**; it is further

**ORDERED** that this matter is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall close this case.

S\_____
**Curtis V. Gómez**
**District Judge**